Honorable A. R. Schwartz Natural Resources Committee Senate of the State of Texas Austin, Texas
Re: Regental authority to name institution `Texas AM University at Galveston.'
Dear Senator Schwartz:
In Attorney General Opinion MW-64 (1979) we advised the Coordinating Board, Texas College and University System, that names established by statute for particular institutions of higher learning could not be changed by the governing boards of the institutions in the absence of legislative authority therefor. You ask specifically about renaming Moody College as Texas A M University at Galveston.
The institution about which you inquire is identified by the Texas Education Code, section 87.201, as `The Texas Maritime Academy.' Section 55.171 of the Education Code refers to the facilities as the `Texas Maritime Academy and Moody College of Marine Sciences and Maritime Resources.' The currently popular name, `Moody College' has been used by the legislature in the General Appropriations Act. See Acts 1979, 66th Leg., ch. 843, at 2445, 2804. However, a provision of the General Appropriations Act cannot amend or repeal general legislation. Attorney General Opinions MW-104, MW-51 (1979).
It is apparent from the history you recite that in the past such unauthorized name changes have been subsequently adopted by the legislature, either formally or informally. Until title three of the Education Code was adopted in 1971, the official name of the institution was simply `Nautical School.' See Acts 1931, 42nd Leg., ch. 255, at 423; V.T.C.S. art. 2615b (repealed). When that portion of the code was adopted and section 87.201 of the Education Code replaced article 2615b, V.T.C.S., references to `Nautical School' were dropped and `Texas Maritime Academy' was used instead. Acts 1971, 62nd Leg., ch. 1024, at 3206.
The effect of that legislative change is somewhat unclear since no substantive changes were intended by the recodifying legislation. Id. at 3319. But in 1973, when section 55.171 was added to the Education Code, it identified the institution as the `Texas Maritime Academy and Moody College of Marine Sciences and Maritime Resources,' and removed doubts about its official name. The later expression of the legislature controls conflicts, and the official name of the institution is as stated there. See V.T.C.S. art. 5429b-2, § 3.05(a) (Code Construction Act); 53 Tex. Jur.2d, Statutes § 189, at 288. See also Acts 1977, 65th Leg., ch. 872, at 3053-54 (appropriation to `Texas Maritime Academy and Moody College of Marine Sciences and Marine Resources').
However probable it may be that the legislature will ratify the unauthorized action of the board of regents, we must advise that the board lacks power to change the name of the institution officially. Attorney General Opinion MW-64 (1979). Cf. City of Mason v. West Texas Utilities Co., 237 S.W.2d 273 (Tex. 1951) (legislative power to ratify). We offer no opinion on any designation used informally by popular or common usage.
 SUMMARY
The regents of the AM University System lack power to officially change the name of their maritime institution at Galveston to `Texas AM University at Galveston.'
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Prepared by Bruce Youngblood Assistant Attorney General